[Cite as *State v. Sexton*, 2011-Ohio-3867.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                :

    Plaintiff-Appellee                    :        C.A. CASE NO. 2010 CA 19

v.                                           :        T.C. NO.    10CR31

AARON ANDREW SEXTON              :            (Criminal appeal from
                                                       Common Pleas Court)

    Defendant-Appellant            :

                                             :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____5th____ day of ____August____, 2011.

. . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. No. 0055607, Champaign County Prosecutor, 200 N. Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

SCOTT A. ASHELMAN, Atty. Reg. No. 0074325, 733 Liberty Tower, 120 W. Second Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

AARON ANDREW SEXTON, #629335, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** Appointed counsel for defendant-appellant Aaron Andrew Sexton submitted

an appellate brief under *Anders v. California* (1967), 386 U.S. 738, 87 S. Ct. 1396. 18 L.Ed.2d 493, alleging he found no meritorious issues for appeal. After a thorough review of the record, this Court agrees that the trial court's proceedings were proper, and we affirm the trial court's judgment.

{¶ 2} On March 4, 2010, Sexton was indicted on four counts of Trafficking in Marihuana in violation of O.R.C. 2925.03(A)(1)(C)(3)(a), felonies of fifth degree. At his arraignment on March 11, 2010, Sexton pled not guilty. On April 12, 2010, Sexton entered a plea of Guilty on two counts of Trafficking in Marihuana in violation of O.R.C. 2925.03(A)(1)(C)(3)(a). On June 2, 2010, Sexton was sentenced to twelve months in prison and a $250 fine on each count, with the terms of incarceration to run concurrent.

{¶ 3} Sexton filed a timely notice of appeal with this Court on July 1, 2010. On December 28, 2010, appointed counsel representing Sexton submitted an *Anders* brief, finding no arguably meritorious issues for appeal. There was no brief filed by the State of Ohio. On May 4, 2011, this Court informed Sexton that his counsel filed an *Anders* brief and informed him of the significance of an *Anders* brief. This Court advised Sexton of his right to file a pro se brief assigning any errors for review by this Court within sixty days of May 4, 2011. Sexton has not filed anything with this Court.

{¶ 4} Although arguing that there were no meritorious claims to raise on Sexton's behalf, his counsel found one potential assignment of error, to wit: the Appellant's concurrent twelve-month sentences were so harsh and arbitrary as to constitute an abuse of discretion by the trial court. Upon review, we agree with appellate counsel that this potential assignment of error has no arguable merit.

{¶ 5} Under *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, "trial courts 'have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' " Id. at 25 (internal citations omitted). However, the appellate court must ensure that the trial court correctly followed all applicable rules and statutes when imposing the sentence. Id. If the trial court has done so, then the review of the imposition of sentencing is subject only to an abuse of discretion standard. Id. at 26. A determination that the trial court abused its discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at 27 (internal citations omitted).

{¶ 6} In this case, the trial court strictly adhered to the requirement of Crim. R. 11(C)(2) when accepting Sexton's plea of guilty. The transcript of the plea hearing demonstrates that Sexton's plea was made voluntarily, and with an understanding of the nature of the charges against him and the maximum penalty that could be imposed. Sexton was also informed of the effects of his plea of guilty and Sexton demonstrated that he understood these effects, and the fact that the court could have proceeded to judgment and sentencing at that time. Sexton also acknowledged an understanding that by entering a plea of guilty he had given up certain constitutional rights such as the right to a jury trial, the right to confront witnesses, and the right to require the state to prove his guilt beyond a reasonable doubt. Because of the negotiated plea involved in this case, the court also stated the underlying agreement upon which the plea was based on the record, as required under Crim. R. 11(F).

**{¶ 7}** Having determined that the court complied with all applicable rules and statutes in accepting the guilty plea and sentencing Sexton, we now turn to whether the trial court abused its discretion in its sentence. The trial court found Sexton to have an extensive criminal history. Sexton had four prior DUIs or OVIs, stemming from a significant substance abuse problem. At the time, Sexton had two pending cases in Clark County that also dealt with trafficking in marijuana. Sexton also had a pending case in Champaign County Municipal Court on charges of OVI, driving under non-compliance, suspension, driving under habitual alcohol suspension, failure of reinstatement, and driving under a twelve point suspension. The trial court found that Sexton was not amenable to community control with residential treatment, and that community control without residential treatment was not appropriate in Sexton's case. The maximum penalty available in this case was confinement in state prison up to twenty-four months and a maximum $2500 fine on *each* count. Because it was in the trial court's discretion to impose a sentence within the statutory range, we find that the trial court's sentence of a concurrent twelve month term was not an abuse of discretion.

**{¶ 8}** In the performance of our duty, under *Anders v. California*, to conduct an independent review of the record, we find no potential assignments of error having arguable merit. We conclude this appeal is wholly frivolous. The judgment of the trial court is Affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Nick A. Selvaggio
Scott A. Ashelman
Aaron Andrew Sexton
Hon. Roger B. Wilson