[Cite as *State v. Mayberry*, 2011-Ohio-6325.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                     :

    Plaintiff-Appellee                        :        C.A. CASE NO.    24596

v.                                                :        T.C. NO.    10CR3384

ROBERT W. MAYBERRY                                :          (Criminal appeal from
                                       Common Pleas Court)

    Defendant-Appellant                       :

                                                  :

. . . . . . . . . .

## **O P I N I O N**

Rendered on the ___9th___ day of ___December___, 2011.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

WILLIAM O. CASS, JR., Atty. Reg. No. 0034517, 3946 Kettering Blvd., Suite 202, Kettering, Ohio 45439
       Attorney for Defendant-Appellant

ROBERT W. MAYBERRY, #648250, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
       Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Appointed counsel for defendant-appellant Robert W. Mayberry submitted an

appellate brief under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, alleging that he found no meritorious issues for appeal. After a thorough review of the record, this Court agrees that the trial court's proceedings were proper, and we affirm the trial court's judgment.

{¶ 2}  On March 21, 2011, Mayberry entered a guilty plea to Burglary in violation of R.C. 2911.12(A)(4), a felony of the fourth degree.  In exchange for his guilty plea, the State agreed not to pursue charges of Rape and Gross Sexual Imposition, felonies of the first and third degree. On April 4, 2011, Mayberry was sentenced to a prison term of seventeen months.

{¶ 3}  Mayberry filed a timely notice of appeal with this Court on April 20, 2011. On August 5*,* 2011, appointed counsel representing Mayberry submitted an *Anders* brief, finding no meritorious issues for appeal. On August 10, 2011, this Court informed Mayberry that his counsel filed an *Anders* brief and informed him of the significance of an *Anders* brief. This Court advised Mayberry of his right to file a pro se brief assigning any errors for review by this Court within sixty days of August 10, 2011.  Mayberry has not filed anything with this court.

{¶ 4}  Although arguing that there are no meritorious claims to raise on Mayberry's behalf, his counsel found two potential assignments of error:

{¶ 5}  "THE APPELLANT DID NOT ENTER HIS PLEA KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY"

{¶ 6}  "THE COURT'S IMPOSITION OF A SEVENTEEN MONTH SENTENCE WAS EXCESSIVE"

{¶ 7}  Upon review, we agree with appellate counsel that these potential

assignments of error have no arguable merit.

{¶ 8}   In this case, the trial court strictly adhered to the requirements of Crim. R. 11(C)(2) when accepting Mayberry's plea of guilty. The transcript of the plea hearing demonstrates that Mayberry's plea was made voluntarily, and with an understanding of the nature of the charges against him and the maximum penalty that could be imposed. Mayberry was also informed of the effects of his plea of guilty and Mayberry demonstrated that he understood these effects, and the fact that the court could have proceeded to judgment and sentencing at that time. Mayberry also acknowledged an understanding that by entering a plea of guilty he had given up certain constitutional rights such as the right to a jury trial, the right to confront witnesses, and the right to require the state to prove his guilt beyond a reasonable doubt. Because of the negotiated plea involved in this case, the court also stated the underlying agreement upon which the plea was based on the record, as required under Crim. R. 11(F).

{¶ 9}   Having determined that the court complied with all applicable rules and statutes in accepting the guilty plea of Mayberry, we now turn to whether the trial court abused its discretion in its sentence.   In *State v. Sexton*, Champaign App. No. 2010 CA 19, 2011-Ohio-3867, ¶5, we stated that "[u]nder *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 'trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."'   *Id.* at 25 (internal citations omitted). However, the appellate court must ensure that the trial court correctly followed all applicable rules and statutes when imposing the sentence. *Id.* If the

trial court has done so, then the review of the imposition of sentencing is subject only to an abuse of discretion standard. *Id* . at 26. A determination that the trial court abused its discretion is 'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' *Id.* at 27 (internal citations omitted)." The trial court found Mayberry to have an extensive criminal history. This was Mayberry's seventh felony conviction as an adult, including three prior burglary convictions. The court also considered the fact that Mayberry's relationship with the victim had facilitated the offense. Specifically, the court noted that Mayberry had victimized a low functioning, mentally handicapped woman, despite being warned repeatedly by her family to stay away from her. The trial court found that while a felony of the fourth degree carries a presumed probation or community control sanction, it was not appropriate in Mayberry's case. The maximum penalty available in this case was a prison term of up to eighteen months and a maximum $5,000 fine. Because it was in the trial court's discretion to impose a sentence within the statutory range, we find that the trial court's sentence of a seventeen month term was not an abuse of discretion and therefore not excessive.

{¶ 10} In the performance of our duty, under *Anders v. California,* having conducted an independent review of the record, we find no potential assignments of error having arguable merit. We conclude this appeal is wholly frivolous. The judgment of the trial court is Affirmed.

. . . . . . . . . .

GRADY, P.J., concurs.

FAIN, J., concurs in the judgment.

FAIN, J., concurring:

{¶ 11} I write separately merely to renew my war against the more-than-an-error-of-law formulation for abuse of discretion.  See *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 15-26.  In all other respects, I concur in the opinion of this court in this case.

. . . . . . . . . .

Copies mailed to:

Carley J. Ingram
William O. Cass, Jr.
Robert W. Mayberry
Hon. Timothy N. O'Connell